# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

DUANE J. CAMPBELL on behalf of himself
and all others similarly situated,

            Plaintiff,

    *vs.*

JEFFERSON CAPITAL SYSTEMS LLC, a
Georgia Limited Liability Company; and JOHN
DOES 1-10,

            Defendants.

Case No.: 1:18-cv-00731

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND WISCONSIN CONSUMER ACT AND DEMAND FOR JURY TRIAL

Plaintiff, DUANE J. CAMPBELL, on behalf of himself and all others similarly situated, by way of this Class Action Complaint against Defendants, JEFFERSON CAPITAL SYSTEMS LLC, ("JEFFERSON") and JOHN DOES 1-10, by and through his attorneys, says:

### I.    PRELIMINARY STATEMENT

1. Plaintiff, on his own behalf and on behalf of the class she seeks to represent, brings this action for the illegal practices of Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated Wisconsin consumers.

2. Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and the Wisconsin Consumer Act (WCA), Ch. 421-427, Wis. Stats.

3. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts which are time-barred and, therefore, prohibited from being collected in the State of Wisconsin.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. Similarly, the WCA, at Wis. Stat. § 427.101 *et seq.*, prohibits certain conduct by debt collectors in collecting consumer debt. Among these *per se* violations are: engaging in conduct which reasonably be expected to threaten or harass the customer, Wis. Stat. § 427.104(1)(h); and claiming, attempting, or threatening to enforce a right with knowledge or reason to know that the right does not exist, Wis. Stat. § 427.104(1)(j).

8. The WCA's debt collection provisions (Wis. Stat. 427.104(1)) are to be interpreted consistently with the FDCPA, and the standard is the FDCPA's objective "unsophisticated consumer" standard. *See, Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010) (coordinating the Wisconsin Supreme Court's interpretation of the WCA with the FDCPA, and noting other courts have done so as well). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard for the analysis of WCA debt collection actions, citing and discussing *Gammon*, 27 F.3d at 1257.

9. Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, WCA, and all other common law or statutory regimes.

## II. PARTIES

10. Plaintiff is a natural person.

11. At all times relevant to this lawsuit, Plaintiff is a citizen of, and resides in, Black Creek, Outagamie County, Wisconsin.

12. At all times relevant to this complaint, JEFFERSON is a limited liability company existing pursuant to the laws of the State of Georgia.

13. JEFFERSON maintains its principal business address at, 16 McLeland Road, Saint Cloud, Minnesota.

14. JOHN DOES 1-10 are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

15. Plaintiff is informed and believes, and on that basis alleges, that JOHN DOES 1-10 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and acted consistent with and oversaw the policies and procedures used by the employees of JEFFERSON that are the subject of this Complaint. Those Defendants personally control those acts, policies, and practices and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

17. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

18. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV. FACTS

20. JEFFERSON is regularly engaged in the collection of debts by, *inter alia*, purchasing defaulted debts from creditors and other debt buyers for pennies on the dollar of their face-value.

21. JEFFERSON regularly collects, and attempts to collect, defaulted debts which were incurred, or are alleged to have been incurred, for personal, family, or household purposes using the U.S. Mail, telephone, and Internet. In addition, the principal purpose of JEFFERSON is the collection of such debts.

22. Plaintiff received a letter ("Letter") dated May 12, 2017.

23. A true copy of the Letter is attached as *Exhibit A* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect Plaintiff's privacy.

24. The Letter described an alleged financial obligation for cellular telephone service which arose out of one or more transactions the subject(s) of which were primarily for personal, family, and household purposes ("Debt").

25. On or about May 12, 2017, JEFFERSON mailed a letter to Plaintiff concerning the Debt. ("Letter").

26. A true and correct copy of the Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address to protect Plaintiff's privacy.

27. As alleged in the Letter, CAMPBELL incurred a financial obligation ("Debt") to Verizon Wireless.

28. As alleged in the Letter, JEFFERSON is "the owner and current creditor" of the Debt.

29. JEFFERSON acquired the Debt more than three years after it was in default.

30. The Debt was in default more than four years prior to the date JEFFERSON sent the Letter.

## V. POLICIES AND PRACTICES COMPLAINED OF

31. It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), and Wis. Stat. §§ 427.104(1)(h) and 104(1)(j), by sending letters, such as *Exhibit A*, which seek to collect time-barred debts.

## VI. CLASS ALLEGATIONS

32. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

34. This claim is brought on behalf of a Class of all persons to whom JEFFERSON mailed a written communication that was not returned as undeliverable, to an address in the State of Wisconsin, during the period of May 10, 2017 through May 31, 2018, in an attempt to collect a cellular telephone debt on which the last payment had occurred more than 26 months prior to the date of the letter.

35. The identities of the Class members are readily ascertainable from JEFFERSON's business records.

36. The Class claims include all claims Class members may have for a violation of the FDCPA and WCA based on a letter from JEFFERSON, such as *Exhibit A*, which seek to collect time-barred cellular telephone debts.

37. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether JEFFERSON's written communications to Wisconsin consumers, such as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), and Wis. Stat. §§ 427.104(1)(h) and 104(1)(j).

38. Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

39. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** On information and belief that Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With

respect to the Class, the principal issues are whether JEFFERSON's written communications to Wisconsin consumers, such as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), and Wis. Stat. §§ 427.104(1)(h) and 104(1)(j).

(c) **Typicality:** Plaintiff's claims are typical of class members' claims. Plaintiffs and all members of the Class have claims arising from JEFFERON's common course of conduct complained of herein.

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are averse to absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

41. Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate because Plaintiff and the Class are entitled to obtain injunctive relief pursuant to Wis. Stat. § 426.109(1) if there is a determination that JEFFERSON's written

communications to Wisconsin consumers, such as ***Exhibit A***, violate Wis. Stat. §§ 427.104(1)(h) and 104(1)(j).

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Based on discovery and further investigation (including, but not limited to, JEFFERSON's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter seeking to collect a time-barred cellular telephone debt.

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

45. JEFFERSON is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46. Each of the DOES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

48. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. The Letter was mailed to Plaintiff to collect the Debt.

51. The statute of limitations ("SOL") applicable to claims for unpaid charges due for

cellular service is two years. *See,* 47 U.S.C. § 415(a) ("All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun within two years from the time the cause of action accrues, and not after.")

52. Under Wis. Stat. § 893.05 when SOL expires, the expiration of the statute of limitations extinguishes the debt.

53. Thus, attempts to collect a time-barred debt in Wisconsin are attempts to collect debts that no longer exist, in violation of the FDCPA. Wis. Stat. § 427.104(1)(j); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable).

54. Any reasonable debt buyer or debt collector would realize the Debt was well-past the statute of limitations.

55. The Letter was mailed after the SOL expired on the Debt.

56. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

57. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American*

*Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

58. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer

59. The collection attempt on *Exhibit A* is materially false, deceptive, misleading, unfair, and unconscionable in that, *inter alia*, it attempts to collect defaulted debts well past the statute of limitations.

60. The Letter deprived Plaintiff of truthful, non-misleading, information in connection with JEFFERSON's attempt to collect a debt.

61. JEFFERSON violated the FDCPA. JEFFERSON's violations with respect to its written communications seeking to collect time-barred cellular telephone debts, such as *Exhibit A*, include, but are not limited to, the following:

    (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    (b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    (c) Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(e) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

(f) Collecting, or attempting to collect, any amount that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE WISCONSIN CONSUMER ACT

62. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

63. Plaintiff is a "customer" as defined by Wis. Stat. § 421.301(17), in that he allegedly engaged in one or more consumer transactions.

64. JEFFERSON is a "debt collector" as defined by Wis. Stat. § 427.103(3).

65. Sending the Letter was an act of "debt collection" by JEFFERSON as defined by Wis. Stat. § 427.103(2).

66. JEFFERSON's violations of the WCA with respect to its written communications, such as *Exhibit A*, include, but are not limited to, the following:

(a) Engaging in conduct which can reasonably be expected to threaten or harass the customer in violation of Wis. Stat. § 427.104(1)(h); and

(b) Claiming, or attempting, or threatening to enforce a right with knowledge or reason to know that the right does not exist in violation of Wis. Stat. § 472.104(1)(j).

## IX. PRAYER FOR RELIEF

67. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and in favor of the Class as follows:

**A. For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class;

(ii) An award of actual damages for Plaintiff and the Class including, but not limited to, all amounts paid on time-barred debts, pursuant to 15 U.S.C. § 1692k(a)(1);

(iii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iv) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

**B. For the SECOND CAUSE OF ACTION:**

(i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class;

(ii) An award of actual damages and the penalty provided in Wis. Stat. § 425.304

pursuant to Wis. Stat. § 427.105(2);

(iii) Awarding injunctive relief to prevent or restrain further violations of the WCA, as complained of herein, pursuant to Wis. Stat. § 426.109(1);

(iv) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating Defendants' collection conduct complained of herein violates the WCA;

(v) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(vi) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vii) For such other and further relief as may be just and proper

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

*s/ Andrew T. Thomasson*
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com

William M. Clanton (TX Bar # 24049436)
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Drive
San Antonio, TX 78216
Telephone: (210) 226-0800
Facsimile: (210) 338-8660
E-Mail: bill@clantonlawoffice.com

*Attorneys for Plaintiff, Duane J. Campbell, and all others similarly situated*